UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **JOSH R. GILBERT,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 1:23-cv-00109-SLC |
| | ) |
| **COMMISSIONER OF SOCIAL** | ) |
| **SECURITY,** *sued as Martin O'Malley,* | ) |
| *Commissioner of the Social Security* | ) |
| *Administration,*[1] | ) |
| | ) |
| **Defendant.** | ) |

## OPINION AND ORDER

On October 12, 2023, pursuant to the Commissioner's unopposed motion to remand (ECF 23), the Court entered an Order reversing the Commissioner's decision denying Plaintiff disability benefits and remanding the case to the Social Security Administration for further proceedings (ECF 24). Now before the Court is Plaintiff's motion, together with supporting documents, seeking an award under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $7,890.69 for attorney fees and $240 for paralegal fees, for a total award of $8,130.69. (ECF 26, ECF 26-1 to 26-5). On November 7, 2023, the Commissioner filed a response in opposition to an award of EAJA fees in the amount of $8,130.69. (ECF 27). Plaintiff filed a reply on November 14, 2023 (ECF 28), together with a supporting exhibit (ECF 28-1), seeking an additional fee award of $3,607.67. Thus, the matter is ripe for adjudication. For the following reasons, Plaintiff's motion seeking an EAJA fee award will be GRANTED.

---

[1] Martin O'Malley became the Commissioner of Social Security on December 20, 2023, and thus, pursuant to Federal Rule of Civil Procedure 25(d), he is automatically substituted for Kilolo Kijakazi in this case. *See Melissa R. v. O'Malley,* No. 1:22-cv-02404-TAB-TWP, 2023 WL 8866397, at *1 n.1 (S.D. Ind. Dec. 22, 2023).

*A. Factual Background*

Plaintiff appealed the decision of the Commissioner denying him disability benefits on March 15, 2023. (ECF 1). On June 22, 2023, Plaintiff filed an opening brief, in which he argued that the Administrative Law Judge's step-five finding was not supported by substantial evidence because the vocational expert's ("VE") testimony was unreliable as to the methodology used to calculate the number of jobs Plaintiff could perform. (ECF 16 at 2). After several motions for extensions were filed and granted, the Commissioner filed an unopposed motion to remand under sentence four of 42 U.S.C. § 405(g). (ECF 17-23). The Court granted the motion and entered judgment in favor of Plaintiff and against the Commissioner on October 16, 2023. (ECF 24).

On October 24, 2023, Plaintiff filed a motion seeking an award under the EAJA, requesting $7,890.69 in attorney fees for 32.2 hours of time spent by Attorney James Zender ("Counsel") (30.5 hours of time spent at a rate of $244.95 per hour, 0.2 hour of time spent at a rate of $245.42 per hour, and 1.5 hours of time spent at a rate of $247.10 per hour), and $240 in paralegal fees for 2 hours of paralegal work at a rate of $120 per hour, for a total fee award of $8,130.69. (ECF 26, ECF 26-1 to 26-5). The Commissioner filed a response to the motion for fees on November 7, 2023, arguing that the time spent by Counsel in this case was excessive. (ECF 27). Plaintiff filed a reply on November 14, 2023 (ECF 28), requesting an additional $3,607.67 of attorney fees for 14.6 hours spent preparing the reply at a rate of $247.10 per hour (*see* ECF 28 -1).

*B. Legal Standard*

The EAJA provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . , including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action,

2

unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Plaintiff, as the fee applicant, bears the burden of proving that the EAJA fees sought are reasonable. *See* 28 U.S.C. § 2412(d)(1)(B); *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Factors the Court should consider in evaluating the reasonableness of a fee request are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Hensley*, 461 U.S. at 430 n.3.

"Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority." *Id.* at 434 (citation omitted). "As a result, the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Davenport v. Astrue*, No. 2:07-CV-0064-PRC, 2008 WL 2691115, at *7 (N.D. Ind. July 3, 2008) (citing *Hensley*, 461 U.S. at 434). "The amount of a fee award is left to the discretion of the district court because of its 'superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters.'" *Id.* (quoting *Hensley*, 461 U.S. at 437).

### C. Analysis

The Commissioner's opposition to the motion for an EAJA fee award rests on one ground: that the amount of hours expended in the case was not reasonable. Specifically, the Commissioner takes issue with the 18.7 hours Counsel spent reviewing the medical evidence and the 2.7 hours spent reviewing the hearing transcript and Agency physicians' opinion. (ECF 27 at

3; *see* ECF 26-3). The Commissioner also argues that the hours expended in this case are excessive because the sole issue on appeal, the reliability of the VE's methodology, was not novel or complex. (ECF 27 at 3-4). To that end, he points to similarities of issues, authorities, and verbiage with other briefs filed by Counsel and the fact that Counsel has frequently raised the methodology reliability argument in other cases. (*Id.* at 4). The Commissioner therefore proposes a ten-hour reduction in attorney time spent on Plaintiff's brief. (*Id.*).

To begin, the Commissioner does not cite any authority to support his argument that 18.7 hours spent reviewing a 1,761-page record is excessive. To the contrary, courts in this Circuit have found it reasonable for attorneys to expend some time reviewing administrative records in social security cases before drafting the opening brief. Here, Counsel spent a total of 30.5 hours reviewing the medical record and drafting the opening brief, which is not excessive for this task. *See, e.g.*, *Monk v. Colvin*, No. 2:15-cv-233, 2016 WL 4445659, at *2 (N.D. Ind. Aug. 23, 2016) (finding that 37.6 hours is a reasonable amount of time to spend "reviewing the record and drafting the opening brief"); *Davenport v. Colvin*, No. 2:11-CV-402-PPS, 2013 WL 5701060, at *3 (N.D. Ind. Oct. 17, 2013) (finding it reasonable for a law clerk to expend 32.6 hours on an opening brief and for the supervising attorney to expend an additional 7.21 hours); *Garcia v. Colvin*, No. 1:11-CV-00165, 2013 WL 1343662, at *2 (N.D. Ind. Apr. 3, 2013) (finding it reasonable to spend 37.75 hours drafting an opening brief, 10 of which were spent writing the statement of facts); *Copeland v. Astrue*, No. 2:11-CV-363, 2012 WL 4959482, at *1 (N.D. Ind. Oct. 17, 2012) (holding that an attorney reasonably expended more than 18 hours reading and abstracting an administrative record); *Burke v. Astrue,* No. 08 C 50136, 2010 WL 1337461, at *3 (N.D. Ill. Mar. 31, 2010) (observing that 34.4 hours spent reviewing an administrative transcript,

4

performing legal research, and drafting a brief in support of a motion for summary judgment is reasonable).

With respect to the time spent reviewing the medical record, Counsel "had to sift through everything to separate the wheat from the chaff." *Monk*, 2016 WL 4445659, at *2. And although Counsel's firm represented Plaintiff at the administrative level, this is not a case where Counsel, himself, represented Plaintiff at that level. (ECF 28 at 6). Thus, Counsel had to review the administrative record for the first time during the district court litigation. *See Seefeldt v. Colvin*, No. 14-CV-320, 2016 WL 5793683, at *1 (E.D. Wis. Sept. 30, 2016) ("[C]ounsel did not represent [the claimant] at the administrative level and therefore had to familiarize herself with the record."). Even if Counsel had reviewed the medical record at the administrative level, the facts would not have been fresh in his mind because the administrative hearing occurred in April 2022—almost over a year before Plaintiff filed his appeal. (ECF 16 at 3). It would be reasonable for Counsel to spend time reacquainting himself with the facts in order to draft a persuasive argument for the district court—which he did in so far as the Commissioner initiated remand, in part, to "obtain additional vocational evidence as warranted." (ECF 23 at 2).

As for the 2.7 hours spent reviewing the hearing transcript and the Agency physicians' opinions at the initial and reconsideration levels, the Court is not persuaded that this amount of time is unreasonable. The VE's testimony at the hearing was at the heart of the legal issue on appeal, that is, whether his methodology to account for national jobs was reliable. The task of reviewing the hearing transcript would inherently take some time if the VE's methodology testimony was flawed.

The Commissioner's argument regarding the novelty of Plaintiff's argument has more teeth but likewise falls short of compelling a reduction in fees. The Commissioner opines that

5

Plaintiff's "actual argument" was only four-and-a-half pages, which itself contained "initial analysis" from Counsel's brief in *Wilcox v. Kijakazi*. (ECF 27 at 4; *see* ECF 15 at No. 1:22-cv-00187-SLC (decided Sept. 29, 2023)). More generally, the Commissioner argues that Counsel has made the same VE methodology argument in other cases. (ECF 27 at 4).

Indeed, courts have reduced the hours expanded in a case when attorneys have merely copied and pasted materials into their briefs. *See Cieszynski v. Kijakazi*, No. 21-cv-10-slc, 2023 WL 8275563, at *5 (W.D. Wis. Nov. 30, 2023) (reducing time expended in a case where counsel "had the benefit of the statement of the case and legal arguments contained in [another attorney's] district court brief," and that "the eight-page discussion of Dr. Boyd's opinion is substantially similar to the discussion in the opening brief" (citation omitted)); *Barr v. Saul*, No. 1:18-CV-104-JPK, 2020 WL 5542793, at *4 (N.D. Ind. Sept. 15, 2020) (acknowledging portions of an attorney's brief being copied from previous briefs in reducing time expended in the case). Likewise, the fact that Counsel filed other briefs concerning the same legal issue would mitigate against a conclusion that his arguments were novel or complex. *See Barr*, 2020 WL 5542793, at *4 (concluding a legal issue was not novel and reducing time expended in the case "if for no other reason than Plaintiff's counsel himself has raised this issue multiple times in previous cases" (citations omitted)).

That said, spending upwards of 10 hours on researching legal issues and drafting a brief is not *per se* unreasonable. In fact, the Commissioner's argument ignores that 11.5 hours were not solely spent on drafting Plaintiff's brief or researching legal issues, but *both*.[2] Additionally,

---

[2] Notably, disputes relating to the reliability of a VE's methodology have been fertile grounds for appellate court review in the past years. *Schmitz v. Kijakazi*, No. 22-CV-03068, 2023 WL 7984743, at *3 (C.D. Ill. Sept. 21, 2023) ("[T]he Seventh Circuit has questioned the source or accuracy of the number of jobs that a VE claims a claimant can perform in the national economy . . . ."); *Helsinger v. Kijakazi*, No. 20-CV-1015, 2022 WL 376261, at *8 (E.D. Wis. Feb. 8, 2022) (stating "several cases are currently on appeal before the Seventh Circuit" relating to the reliability of

the amount of time expended in this appeal, 32.2 hours, is on the lower scale of the hours typically spent litigating social security appeals, a fact which accounts for the lack of novelty in Plaintiff's VE methodology argument. *See Kinsey-McHenry v. Colvin*, No. 2:12-CV-332-PRC, 2014 WL 1643455, at *3 (N.D. Ind. Apr. 23, 2014) (stating that a reasonable number of total hours of work on a social security appeal ranges from 40 hours to 60 hours); *Spaulding v. Astrue*, No. 08 C 2009, 2011 WL 1042580, at *3 (N.D. Ill. Mar. 22, 2011) (collecting cases and finding that 56.4 hours of attorney time "is within the permissible range of social security cases, namely, 40 to 60 hours"). In any case, "most social security cases do not present particularly complex legal issues[.]" *Monk*, 2016 WL 4445659, at *2 (citation omitted). "[B]ut that does not mean that providing a thorough exegesis of the record, pointing out various pieces of evidence that the administrative law judge overlooked or misrepresented, and explaining why those oversights are material to the outcome does not take time." *Id.* (citation omitted).

As a whole, the Commissioner "has identified nothing" in any of the briefs that "could have been eliminated." *Id.*; *see Staley v. Berryhill*, No. 4:15-cv-00178-TAB-RLY, 2017 WL 2181151, at *1 (S.D. Ind. May 18, 2017) ("[T]he Commissioner fails to identify any factual or procedural background that Staley should have omitted." (citation omitted)). "Under these circumstances, any reduction in time would be arbitrary and beyond [the Court's] authority." *Monk*, 2016 WL 4445659, at *2 (citing *Smith v. Great Am. Rests., Inc.*, 969 F.2d 430, 439 (7th Cir. 1992)). In addition to the 14.6 hours Counsel spent in briefing the reply to Plaintiff's motion for EAJA fees, the Court finds that 32.2 hours is within the range that courts in this Circuit consider reasonable, belying any assertion by the Commissioner that such time is excessive. *See,*

---

a VE's methodology). Presumably, this would require a certain level of legal research in order for Counsel to remain abreast of legal developments.

*e.g.*, *Garcia*, 2013 WL 1343662, at *2 (citation omitted); *see Hawkins v. Comm'r of Soc. Sec. Admin.*, No. 1:15-CV-00121-SLC, 2017 WL 3668626, at *3 (N.D. Ind. Aug. 25, 2017) (citation omitted).

The Court will therefore grant an EAJA fee award of $11,738.36, that is, $7,890.69 in attorney fees requested for 32.2 hours of time spent by Counsel in this case, $240 in paralegal fees for 2 hours of paralegal work, and an additional $3,607.67 in attorney fees for 14.6 hours of time spent by Counsel on drafting the reply to the motion for EAJA fees.

### D. Conclusion

Accordingly, Plaintiff's motion for EAJA fees (ECF 26) is GRANTED in the amount of $11,738.36. The Commissioner is ORDERED to pay an EAJA fee award of $11,738.36 to Plaintiff in full satisfaction and settlement of any and all claims for fees, costs, or expenses under the EAJA that he may have in this matter. Any fees paid belong to Plaintiff Josh R. Gilbert and not his attorney and may be offset to satisfy any pre-existing debt that Plaintiff owes to the United States. *See Astrue v. Ratliff*, 560 U.S. 586 (2010). If counsel for the Commissioner can verify that Plaintiff does not owe a pre-existing debt subject to offset, the Commissioner shall DIRECT that the award be made payable to Plaintiff's counsel, Forbes Rodman, P.C., in accordance with the EAJA assignment duly signed by Plaintiff on March 15, 2023. (ECF 26-1, 26-5). If payment is mailed, rather than electronically deposited, it shall be mailed to Plaintiff's counsel's address of record: Forbes Rodman, P.C., P.O. Box 374, Angola, IN 46703.

SO ORDERED.

Entered this 18th day of April 2024.

/s/ Susan Collins  
Susan Collins  
United States Magistrate Judge